## In Re Anonymous No. 47 D.B. 80

· Disciplinary Board Docket No. 47 D.B. 80.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

McGINLEY, *Member*, December 16, 1986 — Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, The Disciplinary Board of the Supreme Court of Pennsylvania (hereinafter referred to as Disciplinary Board), submits its following findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner, [   ], was suspended from the practice of law of Order of the Supreme Court of Pennsylvania on March 8, 1982, effective September 25, 1981. Petitioner's suspension was ordered after the Office of Disciplinary Counsel had commenced a petition for discipline on August 28, 1980 alleging eight separate charges giving rise to several violations of the Disciplinary Rules. Before the hearing on the underlying petition for discipline, the Office of Disciplinary Counsel withdrew two of the eight charges and the hearing committee heard six different charges pertaining to violations of the Disciplinary Rules. The Disciplinary Board of the Supreme Court affirmed the factual findings of the original hearing committee and found violations of all alleged Disciplinary Rules in connection with the six charges. In summary, the charges involved (i) the improper handling and transfer of a liquor license; (ii) two negligence cases; and (iii) three divorce cases.

With respect to the charge involving the transfer of the liquor license, the facts indicated that respondent had dissipated $3,000 which he had held

in an escrow account. With respect to the negligence cases, the facts established that petitioner had misappropriated $2,242.50 in one case and $891.64 in another case.

With respect to the remaining charges, it was alleged that petitioner failed to prosecute in a timely fashion the divorce matters for which he was engaged and had been paid.

As a consequence of the foregoing transgressions, the Supreme Court entered its order suspending petitioner for five years.

The instant petition for reinstatement was filed on or about March 26, 1986. The term of the suspension originally imposed by the Supreme Court of Pennsylvania had expired on September 25, 1986.

A hearing committee heard testimony on petitioner's petition for reinstatement and filed its report with the Disciplinary Board of the Supreme Court on September 23, 1986. The hearing committee consisting of two members unanimously recommended that petitioner be reinstated to the practice of law in the Commonwealth of Pennsylvania. The basis for the hearing committee's finding is set forth hereinafter, and the Disciplinary Board of the Supreme Court has accepted the factual findings and recommendations of the hearing committee and recommends that the instant petition for reinstatement be granted for the reasons hereinafter set forth.

## II. DISCUSSION

Petitioner has the burden of demonstrating by clear and convincing evidence that he has both the moral qualifications and competency and learning in law required for admission to practice in the Commonwealth of Pennsylvania. Petitioner has the

further burden of demonstrating that his resumption of the practice of law shall not be detrimental to the integrity and standing of the bar or the administration of justice nor subversive to the public interest. Rule 218(c)(3)(i).

The evidence in this case is uncontroverted that throughout the period of his suspension, petitioner did not practice law. He continued to be employed as a Worker's Compensation Referee, and testified that he intended his practice to be confined to the area of Worker's Compensation. During the period of his suspension it was uncontroverted that petitioner kept up to date with Worker's Compensation laws and attended several other continuing legal education courses on other aspects of the law. He convinced the hearing committee of his awareness of the necessity of maintaining segregated accounts wherein clients' funds would be separately maintained.

During the period of his suspension, petitioner engaged in public service works including work for the Urban League of [ ], [ ] Center, [ ] Community Services and [ ] Testing Programs. Petitioner also was engaged as a paralegal and assisted in preparation of briefs and other aspects of the administration of a law office.

Petitioner was found to be a mature, intelligent and credible individual. The hearing committee was convinced that he had learned from his mistakes and that he would diligently work to preclude the transgressions which had given rise to his suspension.

His testimony was corroborated by the character witnesses which he called. Three witnesses testified that petitioner was of fine moral character and good reputation.

The hearing committee specifically found that petitioner had the competency and learning in law required for readmission to the practice, that he had the moral qualifications necessary to resume the practice of law.

Significantly, the Office of Disciplinary Counsel has filed no exception to the recommendation for reinstatement.

Petitioner has made full and complete restitution to each client who was adversely affected by his conduct prior to suspension.

## III. CONCLUSION AND RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to the Supreme Court of Pennsylvania that the instant petition for reinstatement of [petitioner] to the practice of law in the Commonwealth of Pennsylvania be granted by your honorable court and further recommends that this honorable court direct all expenses incurred by the Disciplinary Board in the investigation and processing of the instant petition for reinstatement be borne and paid for by said petitioner. The statement of such expenses shall be appended to the instant report.

Messrs. Helwig and Curran did not participate in the adjudication.

### ORDER

NIX, C. J., And now, this March 6, 1987, the Recommendation of the Disciplinary Board dated December 16, 1986, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.